## BURTON ROBINSON v. ANTHONY INGRAM.

Court of Common Pleas. Sussex. April 30, 1799.

*Wilson's Red Book, 236.*

*Bayard* for plaintiff moved a continuance of the cause for non-attendance of surveyor who laid down pretensions; the warrant directed to him, and which has been returned with his plots, was a sufficient warning to him to attend the court, whose officer he is in this respect.

*Wilson.* The direction in the warrant is to survey and return plots together with the sheriff; he attended with the sheriff, has made the survey and duly made his return under his hand and seal, together with the plots; he has done all that was required of him by the warrant, all that he is entitled to compensation for. To be a witness is a distinct duty, and for this purpose a subpœna should issue, which has been done in many cases. This plot, considering it a return of an officer, is evidence without his oath. The times of his attendance not being directed, would be extremely uncertain and inconvenient in practice.

*Bayard.* In New Castle County it has not been the practice to issue subpœnas for the surveyors. A *capias ad satisfaciendum* does not authorize the receiving the money, yet it is done; it ought to be considered a part of the surveyor's duty to explain his plots.

BOOTH, C. J. The Court do not discover anything in the warrant directing surveyor's attendance, but we think hereafter the surveyor should be summoned, or a direction in the warrant to lay down pretensions and also to attend, etc. As the practice has not been in all cases hitherto to summon, plaintiff is not censurable, and the cause must be continued.

NOTE. Some attorneys were in the habit of issuing subpœnas, and others not, for the surveyors. And the surveyors, though frequently refusing to attend unless subpœnaed, have nevertheless often claimed surveyors' wages for their daily attendance.